UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IZZAT NAZER,

                        Petitioner,

-against-

MANHATTAN DISTRICT ATTORNEY;
WARDEN AT RIKERS ISLAND,

                        Respondents.

24-CV-2713 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is currently detained at the Eric M. Taylor Center on Rikers Island, brings this *pro se* petition for a writ of *habeas corpus*, under 28 U.S.C. § 2241. By order dated May 9, 2024, the Court granted Petitioner's request to proceed *in forma pauperis*. The Court denies the petition for the reasons set forth below.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from

compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner brings this Section 2241 petition challenging his detention and prosecution in the Manhattan Supreme Criminal Court in *People v. Nazer*, Ind. No. 75077-23.[1] In his petition, Petitioner alleges that (1) his right to equal protection under the Fourteenth Amendment was violated when the New York City Police Department refused to arrest or press charges against the individual who Petitioner is charged with assaulting; (2) his right to due process was violated when his defense counsel waived his right to testify before the grand jury and when the state court denied his motion under New York Criminal Procedure Law ("CPL") § 190.50;[2] (3) his counsel "retaliat[ed]" against him by requesting an exam pursuant to CPL 730,[3] and failed to ask that Petitioner be released from custody (ECF 1, at 6); (4) the court wrongfully denied his motion to replace his attorney; and (5) his indictment was untimely under CPL 180.80.[4]

Petitioner seeks: (1) release from custody; (2) an order from the Court directing that new counsel be appointed for him in his state criminal case and that his CPL 730 exam be "moot[ed]"; (3) "[t]otal dismissal of all counts in this case for insufficiency of evidence, lack of

---

[1] According to public records maintained by the New York State Unified Court System, Petitioner has been charged with assault with intent to cause physical injury with a weapon and assault in the third degree in connection with an October 5, 2023 incident. *See* https://iapps.courts.state.ny.us/webcrim_attorney/AttorneyWelcome [https://perma.cc/5RSW-GZF6] (last visited May 9, 2024).

[2] Section 190.50 of the CPL provides for the procedures by which witnesses, including a defendant, may be a witness in a grand jury proceeding.

[3] Article 730 of the CPL governs the procedures for determining whether a criminal defendant is mentally fit to proceed in a criminal case.

[4] Section 180.80 of the CPL requires release of a detainee if a preliminary hearing is not held within a prescribed time.

probable cause, [and] in the interest of justice"; and (4) an order recommending "that charges be pressed against & criminal proceedings be commenced against" the individual Petitioner is charged with assaulting. (*Id.* at 7.)

With respect to exhaustion of his remedies in the state courts, Petitioner alleges that on January 9, 2024, he filed a petition for a writ of *habeas corpus* in the state court, and on February 23, 2024, he appealed an order denying his request for dismissal of the charges for insufficiency of evidence. Petitioner states, however, that those submissions "don't address the federal Constitutional issues" raised in this petition, and that they "are yet to be de[c]ided" by the state courts. (*Id.* at 2.)

## DISCUSSION

### A. Challenge to state court proceedings

Petitioner brings this petition for a writ of *habeas corpus* under Section 2241, challenging the constitutionality of his detention and seeking the dismissal of the criminal charges against him and to be released. Section 2241 provides a limited opportunity for a state pretrial detainee to challenge his pretrial detention, but a Section 2241 petition cannot be used to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 493 (1973); *see also Allen v. Maribal*, No. 11-CV-2638, 2011 WL 3162675, at *1 (E.D.N.Y. 2011) (noting that a federal *habeas corpus* proceeding is not to be converted into a "pretrial motion forum for state prisoners" (citing *York v. Ward*, 538 F. Supp. 315, 316 (E.D.N.Y. 1982))).

In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37);

3

*see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."). A pending state court prosecution ordinarily provides the accused "a fair and sufficient opportunity for vindication of federal constitutional rights." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975); *see also Baker v. Sup. Ct. for New York*, No. 12-CV-4750, 2012 WL 4739438, at *2 (E.D.N.Y Oct. 3, 2012).

As Petitioner brings this *habeas corpus* petition seeking relief in his ongoing criminal proceedings, the Court must consider whether it must abstain from reviewing some or all of his constitutional claims until judgment is final. Courts have found special circumstances warranting *habeas corpus* relief before trial in at least two situations. First, pretrial *habeas* relief may be appropriate where the petitioner's rights cannot be fully vindicated at the conclusion of trial. For example, courts have declined to abstain from considering double jeopardy claims in pretrial *habeas corpus* petitions because the right to avoid the ordeal of undergoing multiple trials cannot be vindicated after the second trial. *See, e.g.*, *Drayton v. Hayes*, 589 F.2d 117, 121 (2d Cir. 1979) ("The very constitutional right claimed . . . would be violated if [the petitioner] were compelled to raise his double jeopardy claim after the second trial."). Because Petitioner has alleged no facts suggesting that his rights cannot be fully vindicated at the conclusion of trial, this exception does not apply here.

Second, courts considering whether to abstain from hearing a constitutional challenge while criminal proceedings are pending have examined whether the claim seeks relief that is collateral to the criminal proceeding. *See, e.g.*, *Gerstein v. Pugh*, 420 U.S. 103, 108 (1975) (holding that federal court correctly declined to abstain from hearing claims that prisoners were

being detained without probable cause hearings, because "[t]he order to hold preliminary hearings could not prejudice the conduct of the trial on the merits" and was directed "only at the legality of pretrial detention without a judicial hearing, an issue that could not be raised in defense of the criminal prosecution"); *see also Braden*, 410 U.S. at 493 (*habeas corpus* petition could be heard before trial where petitioner sought to be brought speedily to trial and "made no effort to abort a state proceeding, or to disrupt the orderly functioning of state judicial processes").

Here, even if the Court assumes that Petitioner's claims may present special circumstances permitting *habeas corpus* review prior to the conclusion of his criminal proceedings, the requirement of prior exhaustion of state court remedies applies, and Petitioner does not allege facts suggesting that he has fully exhausted his state court remedies with respect to his federal constitutional claims.

**B.    Exhaustion of state court remedies**

Before seeking Section 2241 federal *habeas corpus* relief, a state pretrial detainee must first exhaust his available state court remedies. *See United States ex rel. Scranton v. New York*, 532 F.2d 292, 294 (2d Cir. 1976) ("While [Section 2241] does not by its own terms require the exhaustion of state remedies as a prerequisite to the grant of federal habeas relief, decisional law has superimposed such a requirement in order to accommodate principles of federalism."). In the pretrial context, such exhaustion includes seeking *habeas corpus* relief in the state courts and, if necessary, appealing all the way up to the New York Court of Appeals, the State of New York's highest court. *See* N.Y.C.P.L.R. § 7001, *et seq.* A petitioner who has not exhausted available state court remedies generally may seek a writ of habeas corpus only if he: (1) establishes cause for the failure to exhaust and prejudice as a result of the alleged violation of federal law, or

(2) demonstrates that the failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Here, Petitioner alleges that he submitted a petition for a writ of *habeas corpus* in the state court and appealed to the Appellate Division an order denying an unspecified motion to dismiss the case. As an initial matter, Petitioner concedes that his state court submissions "don't address the federal constitutional issues" that he raises in this petition. (ECF 1, at 2.) It therefore appears that he has not presented his federal constitutional claims to the state courts at any level. In any event, Petitioner alleges no facts suggesting that he has appealed the denial of his state *habeas* petition and motion all the way up to the New York Court of Appeals. Rather, Petitioner states affirmatively that these submissions "are yet to be de[c]ided" by the state courts. (*Id.*)

Because Petitioner states affirmatively that he has not exhausted his state court remedies, and he provides no facts showing that his failure to exhaust should be excused, the Court dismisses this petition without prejudice.[5]

## C.    Request for criminal prosecution

Petitioner also asks the Court to "press[] charges" and initiate "criminal proceedings" against the individual he is charged with assaulting. (ECF 1, at 7.) However, Petitioner cannot initiate the arrest and prosecution of an individual in this Court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Nor can Petitioner or the Court direct prosecuting attorneys to initiate a criminal proceeding against an individual, because prosecutors possess discretionary authority to bring

---

[5] Petitioner has previously filed a petition for a writ of *habeas corpus* under Section 2241 in this court, and he has been informed that exhaustion of state court remedies is required before seeking relief in federal court. *See Nazer v. Warden*, No. 23-CV-3798 (LTS) (S.D.N.Y. Aug. 8, 2023) (dismissing the petition for lack of exhaustion).

criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, the Court dismisses Petitioner's claims in which he seeks to initiate criminal prosecution.

## CONCLUSION

The petition for a writ of *habeas corpus,* filed under 28 U.S.C. § 2241, is denied without prejudice.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment in this action.

SO ORDERED.

Dated:   June 21, 2024
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge